UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SURESH PATHARE, SAMY ELGHAYESH,
NADER SOLIMAN, and GORDHAN PATEL,

          Plaintiffs,

-v-                                No. 06 Civ. 2202 (LTS)

JOEL I. KLEIN, Chancellor of the New York
City Department of Education, and THE NEW
YORK CITY DEPARTMENT OF EDUCATION,

          Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 17 2012

## MEMORANDUM OPINION AND ORDER

        Plaintiffs Suresh Pathare ("Pathare"), Samy Elgahayesh ("Elghayesh"), Nader Soliman ("Soliman"), and Gordhan Patel ("Patel") (collectively, "Plaintiffs") brought this action against Defendant Joel I. Klein ("Klein"), in his official capacity as Chancellor of the New York City Department of Education ("DOE"), and the DOE (collectively, "Defendants"), alleging that Defendants failed to promote Plaintiffs based on Plaintiffs' national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et seq., the New York State Human Rights Law, New York Executive Law ("NYSHRL"), § 296 et seq., and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York. On September 12, 2008, this Court granted Defendants' motion for summary judgment, and the Second Circuit affirmed that decision on September 30, 2009. On November 22, 2011, Plaintiffs Pathare, Elgahayesh, and Soliman requested relief from the final judgment pursuant to Fed. R. Civ. P. 60(b)(6). The Court has considered thoroughly all submissions made

in connection with this motion and, for the following reasons, Plaintiffs' motion is denied in its entirety.

## BACKGROUND

Familiarity with the opinions previously issued in this matter is assumed. See Pathare v. Klein, No. 06-CIV-2202, 2008 WL 4210471 (S.D.N.Y. Sept. 12, 2008), aff'd, 347 F. App'x 646 (2d Cir. 2009). Facts that are relevant to the Court's analysis and resolution of the pending motion are provided. Plaintiffs are of Indian and Egyptian national origin, and were employed by the DOE in its Department of School Facilities ("DSF"). In 2004, the DOE announced six openings for a newly created supervisory position, Regional Contract Manager ("RCM"). Following an interview and hiring process, all six positions were filled by candidates who ranked ahead of Elgahayesh and Pathare. In 2005, Defendants commenced a rehiring process for one RCM position and identified 21 candidates possessing the minimum qualifications for the position. Defendant hired the candidate ranked first, who was of Egyptian national origin.

In 2006, Plaintiffs brought this action against Defendants, alleging that Defendants failed to promote Plaintiffs based on Plaintiffs' national origin, in violation of Title VII, the NYCHRL, and the NYSHRL. On September 12, 2008, this Court, finding that Plaintiffs had failed to proffer evidence sufficient to raise any genuine issue of material fact as to discriminatory treatment, granted Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

The United States Court of Appeals for the Second Circuit affirmed this Court's judgment on September 30, 2009. In January 2011, Plaintiffs brought an application in the Second Circuit for recall and modification of the mandate. They argued, as they do here, that the

NYCHRL aspect of their claims should be reopened because this Court had erred in analyzing the NYCHRL claim under the Title VII framework. Plaintiffs' application was denied summarily on January 26, 2011. On November 22, 2011, Plaintiffs Pathare, Elgahayesh, and Soliman brought the instant application, requesting relief from this Court's final judgment pursuant to Fed. R. Civ. P. 60(b)(6), and arguing that an intervening "change" in law justifies the granting of relief.

## DISCUSSION

Given that this Court's judgment has been affirmed on appeal and the Second Circuit has already denied essentially the same application that is being made here, it is at best questionable whether this Court even has jurisdiction to entertain Plaintiffs' request. Assuming without deciding that this Court has jurisdiction, the Court denies Rule 60(b)(6) relief because Plaintiffs' motion is untimely and fails on the merits.

Timeliness of Motion

First, the motion for relief is denied because it is untimely. While a Rule 60(b)(6) motion is not subject to a specific time limit, it must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Courts in this Circuit have routinely held that significant delay constitutes grounds for the denial of a Rule 60(b)(6) motion. See, e.g., Socialist Republic of Romania v. Wildenstein & Co. Inc., 147 F.R.D. 62, 65 (S.D.N.Y. 1993); PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir.) (1983) (one year delay unreasonable under Rule 60(b)(6)); Fustok v. Conticommodity Serv. Inc., 122 F.R.D. 151, 158 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir.1989) (two year delay unreasonable); Menashe v. Sutton, 90 F. Supp. 531, 533 (S.D.N.Y. 1950) (two year and four month delay unreasonable).

Here, Plaintiffs' application focuses on a 2005 amendment to the NYCHRL that was in effect long before this Court's 2008 grant of summary judgment in favor of Defendants. Plaintiffs point to a 2009 Appellate Division decision construing the amendment, Williams v. N.Y.C. Hous. Auth., 872 N.Y.S. 2d 27 (App. Div. 2009) ("Williams"), that was entered four months after Plaintiffs' case was closed in this Court.[1] The Williams decision predated the Second Circuit's 2009 decision affirming this Court's judgment dismissing the case. Plaintiffs nonetheless waited until 2011 to make any application for revisitation of the dismissal, and did not make the instant application until November 2011, more than three years after the original decision in favor of Defendants. Plaintiffs' delay was unreasonable, and warrants denial of the application.

Motion for Relief Fails on the Merits

Even if the motion for relief were timely, it fails on the merits. Rule 60(b)(6) is invoked only where there are "extraordinary circumstances justifying relief." Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc., 385 F.App'x 29, 32 (2d Cir. 2010) (internal citations omitted). "[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004); see also Agostini v. Felton, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).").

---

[1] Plaintiffs rely on Williams to claim an intervening change in law. However, as early as 2006, lower court decisions recognized that the 2005 amendment to the NYCHRL required use of a different analytical standard from that used to evaluate Title VII claims. See, e.g., Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 275 (S.D.N.Y. 2006); Jordan v. Bates Adver. Holdings, Inc., 816 N.Y.S. 2d 310 (N.Y. Sup. Ct. 2006); Farrugia v. N. Shore Univ. Hosp., 2006 WL 2337963, at *5-*6 (N.Y. Sup. Ct. June 21, 2006).

Where Plaintiffs argue, as here, that a supervening change in governing law justifies the granting of relief under Rule 60(b)(6), the Court should consider four factors to determine whether to invoke the Rule. Sargent v. Columbia Forest Prods., 75 F.3d 86, 90 (2d Cir. 1996). First, it should consider whether the new law is "beyond any question inconsistent with the earlier decision;" second, whether the moving party notified the court of a pending case or motion that might alter the decision; third, whether there was a "substantial lapse of time" between the issuance of the earlier decision and the present motion; and finally, whether the equities "strongly favor" the moving party. Id.

Plaintiffs' motion fails because the analytical standard established by the 2005 amendment to the NYCHRL is not "beyond any question inconsistent with the earlier decision." Plaintiffs rely on two recent decisions, Williams, and Abraham v. N.Y. Dept. of Educ. ("Abraham"), which interpret the 2005 amendments. Williams, 872 N.Y.S. 2d 27 (App. Div. 2009); Abraham, 398 Fed. App'x. 633 (2d Cir. 2010).[2] In Williams, the plaintiff asserted claims of discrimination in violation of applicable provisions of the NYSHRL and the NYCHRL. The plaintiff appealed the decision of the New York Supreme Court granting summary judgment to defendants on all claims. While the New York Supreme Court, Appellate Division, affirmed the lower court's decision, it also noted that, under the 2005 NYCHRL amendment, "the City HRL now explicitly requires an independent liberal construction analysis in all circumstances, even

---

[2] In Abraham, the plaintiff alleged claims of national origin discrimination under Title VII, the NYSHRL, and the NYCHRL based on the same first-round hiring process in which Plaintiffs participated. The District Court for the Eastern District of New York granted summary judgment on all claims to defendant DOE. The Second Circuit affirmed the District Court's decision on the federal and state claims, but vacated and remanded the NYCHRL claim on the grounds that the NYCHRL claim should be evaluated separately from its federal and state law counterparts.

where state and federal civil rights laws have comparable language." Williams, 872 N.Y.S. 2d at 31.

The liberal construction of the amended language of the NYCHRL is not inconsistent with this Court's grant of summary judgment in Defendants' favor. This Court's decision was based on Plaintiffs' failure to present sufficient evidence in support of their discrimination claims, not the particulars of the Title VII standard. Cf. Melie v. EVCI/TCI College Admin., 374 Fed. App'x. 150, 153-54 (2d Cir. 2010) (Second Circuit recognized that the 2005 amendments call for a "more liberal construction of civil rights under the NYCHRL than would be available under state and federal law," but nevertheless affirmed grant of summary judgment dismissing Melie's NYCHRL discrimination and retaliation claims because "Melie's failure to present a genuine issue of material fact regarding pretext dooms these claims under any standard."); Ballard v. Children's Aid Society, 781 F. Supp. 2d 198, 211 (S.D.N.Y. 2011) (holding that "[a]lthough claims under the NYCHRL are more liberally construed than claims under Title VII and the NY[S]HRL, the NYCHRL does not alter the kind, quality or nature of evidence that is necessary to support or defeat a motion for summary judgment under Rule 56.") (internal citations omitted). Plaintiffs have thus failed to show that the new law is "beyond any question inconsistent with the earlier decision."

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for relief from judgment is denied in its entirety. This Memorandum Opinion and Order resolves docket entry no. 45.

SO ORDERED.

Dated: New York, New York
      April 17, 2012

/s/ LAURA TAYLOR SWAIN
United States District Judge